# UNITED STATES COURT OF APPEALS FOR THE FOURTH CIRCUIT
## DOCKETING STATEMENT--CIVIL/AGENCY CASES

**Directions:** Counsel must make a **docketing statement (civil/agency) filed** entry in CM/ECF within 14 days of docketing of the appeal, or within the due date set by the clerk's docketing notice, whichever is later. File with the entry the (1) docketing statement form with any extended answers and (2) any transcript order form. Parties proceeding pro se are not required to file a docketing statement. Opposing counsel who finds a docketing statement inaccurate or incomplete may file any objections within 10 days of service of the docketing statement using the ECF event-**docketing statement objection/correction filed**.

| | |
|---|---|
| **Appeal No. & Caption** | No. 15-1738 |
| **Originating No. & Caption** | 14-CV-01157, Arlene A. Smith-Scott v. U. S. Bank, NA |
| **Originating Court/Agency** | UNITED STATES DISTRICT COURT FOR MARYLAND, BALT. |

| **Jurisdiction** (answer any that apply) | | |
|---|---|---|
| Statute establishing jurisdiction in Court of Appeals | 28 U.S.C. Section 158(a), Rule 4 | |
| Time allowed for filing in Court of Appeals | Within 30 days after entry of order | |
| Date of entry of order or judgment appealed | June 17, 2015 | |
| Date notice of appeal or petition for review filed | June 29, 2015 | |
| If cross appeal, date first appeal filed | n/a | |
| Date of filing any post-judgment motion | n/a | |
| Date order entered disposing of any post-judgment motion | n/a | |
| Date of filing any motion to extend appeal period | n/a | |
| Time for filing appeal extended to | n/a | |
| Is appeal from final judgment or order? | ⦿ Yes | ○ No |
| If appeal is not from final judgment, why is order appealable? | | |

| **Settlement** (The docketing statement is used by the circuit mediator in pre-briefing review and mediation conducted under Local Rule 33. Counsel may make a confidential request for mediation by calling the Office of the Circuit Mediator at 843-521-4022.) | | |
|---|---|---|
| Is settlement being discussed? | ○ Yes | ⦿ No |

01/27/2015
SCC

| Transcript (transcript order must be attached if transcript is needed and not yet on file) | | |
|---|---|---|
| Is transcript needed for this appeal? | ○ Yes | ⦿ No |
| Has transcript been filed in district court? | ○ Yes | ⦿ No |
| Is transcript order attached? | ○ Yes | ⦿ No |

| Case Handling Requirements (answer any that apply) | | |
|---|---|---|
| Case number of any prior appeal in same case | Not Applicable | |
| Case number of any pending appeal in same case | Not Applicable | |
| Identification of any case pending in this Court or Supreme Court raising similar issue | Not Applicable | |
| | If abeyance or consolidation is warranted, counsel must file an appropriate motion. | |
| Is expedited disposition necessary? | ○ Yes | ⦿ No |
| | If yes, motion to expedite must be filed. | |
| Is oral argument necessary? | ⦿ Yes | ○ No |
| Does case involve question of first impression? | ○ Yes | ⦿ No |
| Does appeal challenge constitutionality of federal or state statute in case to which federal or state government is not a party | ○ Yes | ⦿ No |
| | If yes, notice re: challenge to constitutionality of law must be filed. | |

**Nature of Case** (Nature of case and disposition below. Attach additional page if necessary.)

On April 10, 2014, the Appellant filed a Complaint against U. S. Bank, NA, as Indenture Trustee for Waterfall Victoria Mortgage Trust-2011 SBC3 and Cohen Financial Services raising several causes of actions concerning real property owned at 10 Stanley Drive, Catonsville, Maryland 21228, including: a) Violation of the Fair Debt Collection Practice Act, b) Violation of the Maryland Consumer Law, Unfair or Deceptive Trade Practices and c)Violation of the Maryland Consumer Law, Consumer Debt Collection.

On May 13, 2014, the Defendants, filed an Answer to the Complaint as well as a Counterclaim seeking the right to foreclosure on real property and on May 22, 2014, the Defendants filed a Motion for Receivership.

The parties went back and forth with various amendment to pleadings and additional motions filed with the Honorable J. Frederick Motz denying the Appellant's Complaint and Granting the Appellee's Motion for Receivership and the right to Foreclosure on Property.

The Central issue that was raised by the Appellant is that the Appellees did not have standing before the Court.

| **Issues** (Non-binding statement of issues on appeal. Attach additional page if necessary) |
|---|
| Whether the United States District Court for Maryland in Baltimore erred by denying the Appellant's Motion to Re-Open the case when new evidence was discovered to support the fact that the Appellees did not have standing, which included:<br>a.) Filing in the United States Securities and Exchange Commission that supports the fact that Waterfall Victoria Mortgage Trust- 2011 SBC3 is not the holder of the mortgage note on property located at 10 Stanley Drive, Catonsville, Maryland 21228,<br>b) Audited and Published Financials by the Accounting Firm of Deloittle and Touche that specifies the actual holdings of Waterfall Victoria Mortgage Trust-2011 SBC3,<br>c) Expert Witness, who investigated and prepared findings, which states in her affidavit:<br>- New York State Charter Division reflects that Waterfall Victoria Master Fund, Ltd , the alleged purchaser of the debt did not exist at the time the debt was purchased.<br>- Documents were "Back-Dated," altered and modified.<br>- The purported seller of the mortgage note was not the owner of the debt.<br>- The requisite chain of title was missing, even though it was evident that Lehman Brothers and Countrywide, both held the note and they are both closed.<br>- The Note does not contain the required endorsement.<br><br>Whether the United States District Court for Maryland in Baltimore erred by denying the Appellant's Motion for Leave to Amend her Complaint due to the new evidence that proves mortgage fraud and fraud upon the Court. |

**Adverse Parties** (List adverse parties to this appeal and their attorneys; provide party's address if the party is not represented by counsel. Attach additional page if necessary.)

| Adverse Party: U. S. Bank, NA, Indenture Trustee for Waterfall Victoria Mortgage Trust-2011 SBC3 | Adverse Party: Cohen Financial Services, LLC |
|---|---|
| Attorney: Gary Adler<br>Address: Clark Hill, PLC<br>601 Pennsylvania Avenue, NW<br>Suite #1000, North Bldg<br>Washington, DC  20004 | Attorney: Gary Adler<br>Address: Clark Hill, PLC<br>601 Pennsylvania Avenue, NW<br>Suite #1000, North Bldg.<br>Washington, DC  20004 |
| E-mail: GADLER@CLARKHILL.COM | E-mail: GADLER@CLARKHILL.COM |
| Phone: 202-552-2363 | Phone: 202-552-2363 |

**Adverse Parties (continued)**

| Adverse Party: | Adverse Party: |
|---|---|
| Attorney:<br>Address: | Attorney:<br>Address: |
| E-mail: | E-mail: |
| Phone: | Phone: |

| **Appellant** (Attach additional page if necessary.) ||
|---|---|
| Name: Arlene A. Smith-Scott | Name: |
| Attorney Address: Arlene A. Smith-Scott, Esq.<br>Strategic Law Group, LLC<br>367 Main Street<br>Laurel, Maryland 20707 | Attorney Address: |
| E-mail: StrategicLaw1@gmail.com | E-mail: |
| Phone: 240-280-2370 | Phone: |
| **Appellant (continued)** ||
| Name: | Name: |
| Attorney Address: | Attorney Address: |
| E-mail: | E-mail: |
| Phone: | Phone: |

Signature: /s/ Arlene A. Smith-Scott     Date: July 16, 2015

Counsel for: Arlene A. Smith-Scott, Esq.

**Certificate of Service**: I certify that on July 16, 2015 the foregoing document was served on all parties or their counsel of record through the CM/ECF system if they are registered users or, if they are not, by serving a true and correct copy at the addresses listed below (Attach additional page if necessary):

| | |
|---|---|
| Gary Adler, Esq.<br>Clark Hill, PLC<br>601 Pennsylvania Avenue, NW<br>Suite #1000, North Bldg.<br>Washington, DC 20004 | Orbie R. Shively<br>Liebmann & Shively, P.A.<br>8 West Hamilton Street<br>Baltimore, MD 21201 |

Signature: /s/ Arlene A. Smith-Scott     Date: July 16, 2015

# UNITED STATES COURT OF APPEALS FOR THE FOURTH CIRCUIT
## DOCKETING STATEMENT--CIVIL/AGENCY CASES

**Directions:** Counsel must make a **docketing statement (civil/agency) filed** entry in CM/ECF within 14 days of docketing of the appeal, or within the due date set by the clerk's docketing notice, whichever is later. File with the entry the (1) docketing statement form with any extended answers and (2) any transcript order form. Parties proceeding pro se are not required to file a docketing statement. Opposing counsel who finds a docketing statement inaccurate or incomplete may file any objections within 10 days of service of the docketing statement using the ECF event-**docketing statement objection/correction filed**.

| | |
|---|---|
| **Appeal No. & Caption** | No. 15-1738 |
| **Originating No. & Caption** | 14-CV-01157, Arlene A. Smith-Scott v. U. S. Bank, NA |
| **Originating Court/Agency** | UNITED STATES DISTRICT COURT FOR MARYLAND, BALT. |

| **Jurisdiction** (answer any that apply) | | |
|---|---|---|
| Statute establishing jurisdiction in Court of Appeals | 28 U.S.C. Section 158(a), Rule 4 | |
| Time allowed for filing in Court of Appeals | Within 30 days after entry of order | |
| Date of entry of order or judgment appealed | June 17, 2015 | |
| Date notice of appeal or petition for review filed | June 29, 2015 | |
| If cross appeal, date first appeal filed | n/a | |
| Date of filing any post-judgment motion | n/a | |
| Date order entered disposing of any post-judgment motion | n/a | |
| Date of filing any motion to extend appeal period | n/a | |
| Time for filing appeal extended to | n/a | |
| Is appeal from final judgment or order? | ⊙ Yes | ○ No |
| If appeal is not from final judgment, why is order appealable? | | |

| **Settlement** (The docketing statement is used by the circuit mediator in pre-briefing review and mediation conducted under Local Rule 33. Counsel may make a confidential request for mediation by calling the Office of the Circuit Mediator at 843-521-4022.) | | |
|---|---|---|
| Is settlement being discussed? | ○ Yes | ⊙ No |

01/27/2015
SCC

| **Transcript** (transcript order must be attached if transcript is needed and not yet on file) | | |
|---|---|---|
| Is transcript needed for this appeal? | ○ Yes | ⊙ No |
| Has transcript been filed in district court? | ○ Yes | ⊙ No |
| Is transcript order attached? | ○ Yes | ⊙ No |

| **Case Handling Requirements** (answer any that apply) | | |
|---|---|---|
| Case number of any prior appeal in same case | Not Applicable | |
| Case number of any pending appeal in same case | Not Applicable | |
| Identification of any case pending in this Court or Supreme Court raising similar issue | Not Applicable | |
| | If abeyance or consolidation is warranted, counsel must file an appropriate motion. | |
| Is expedited disposition necessary? | ○ Yes | ⊙ No |
| | If yes, motion to expedite must be filed. | |
| Is oral argument necessary? | ⊙ Yes | ○ No |
| Does case involve question of first impression? | ○ Yes | ⊙ No |
| Does appeal challenge constitutionality of federal or state statute in case to which federal or state government is not a party | ○ Yes | ⊙ No |
| | If yes, notice re: challenge to constitutionality of law must be filed. | |

| **Nature of Case** (Nature of case and disposition below. Attach additional page if necessary.) |
|---|
| On April 10, 2014, the Appellant filed a Complaint against U. S. Bank, NA, as Indenture Trustee for Waterfall Victoria Mortgage Trust-2011 SBC3 and Cohen Financial Services raising several causes of actions concerning real property owned at 10 Stanley Drive, Catonsville, Maryland 21228, including: a) Violation of the Fair Debt Collection Practice Act, b) Violation of the Maryland Consumer Law, Unfair or Deceptive Trade Practices and c)Violation of the Maryland Consumer Law, Consumer Debt Collection. |
| On May 13, 2014, the Defendants, filed an Answer to the Complaint as well as a Counterclaim seeking the right to foreclosure on real property and on May 22, 2014, the Defendants filed a Motion for Receivership. |
| The parties went back and forth with various amendment to pleadings and additional motions filed with the Honorable J. Frederick Motz denying the Appellant's Complaint and Granting the Appellee's Motion for Receivership and the right to Foreclosure on Property. |
| The Central issue that was raised by the Appellant is that the Appellees did not have standing before the Court. |

**Issues** (Non-binding statement of issues on appeal. Attach additional page if necessary)

Whether the United States District Court for Maryland in Baltimore erred by denying the Appellant's Motion to Re-Open the case when new evidence was discovered to support the fact that the Appellees did not have standing, which included:

a.) Filing in the United States Securities and Exchange Commission that supports the fact that Waterfall Victoria Mortgage Trust- 2011 SBC3 is not the holder of the mortgage note on property located at 10 Stanley Drive, Catonsville, Maryland 21228,

b) Audited and Published Financials by the Accounting Firm of Deloittle and Touche that specifies the actual holdings of Waterfall Victoria Mortgage Trust-2011 SBC3,

c) Expert Witness, who investigated and prepared findings, which states in her affidavit:
- New York State Charter Division reflects that Waterfall Victoria Master Fund, Ltd , the alleged purchaser of the debt did not exist at the time the debt was purchased.
- Documents were "Back-Dated," altered and modified.
- The purported seller of the mortgage note was not the owner of the debt.
- The requisite chain of title was missing, even though it was evident that Lehman Brothers and Countrywide, both held the note and they are both closed.
- The Note does not contain the required endorsement.

Whether the United States District Court for Maryland in Baltimore erred by denying the Appellant's Motion for Leave to Amend her Complaint due to the new evidence that proves mortgage fraud and fraud upon the Court.

**Adverse Parties** (List adverse parties to this appeal and their attorneys; provide party's address if the party is not represented by counsel. Attach additional page if necessary.)

| Adverse Party: U. S. Bank, NA, Indenture Trustee for Waterfall Victoria Mortgage Trust-2011 SBC3 | Adverse Party: Cohen Financial Services, LLC |
|---|---|
| Attorney: Gary Adler<br>Address: Clark Hill, PLC<br>601 Pennsylvania Avenue, NW<br>Suite #1000, North Bldg<br>Washington, DC  20004 | Attorney: Gary Adler<br>Address: Clark Hill, PLC<br>601 Pennsylvania Avenue, NW<br>Suite #1000, North Bldg.<br>Washington, DC  20004 |
| E-mail: GADLER@CLARKHILL.COM | E-mail: GADLER@CLARKHILL.COM |
| Phone: 202-552-2363 | Phone: 202-552-2363 |

**Adverse Parties (continued)**

| Adverse Party: | Adverse Party: |
|---|---|
| Attorney:<br>Address: | Attorney:<br>Address: |
| E-mail: | E-mail: |
| Phone: | Phone: |

| Appellant (Attach additional page if necessary.) | |
|---|---|
| Name: Arlene A. Smith-Scott<br><br>Attorney: Arlene A. Smith-Scott, Esq.<br>Address:<br>  Strategic Law Group, LLC<br>  367 Main Street<br>  Laurel, Maryland 20707<br><br>E-mail: StrategicLaw1@gmail.com<br><br>Phone: 240-280-2370 | Name:<br><br>Attorney:<br>Address:<br><br><br><br>E-mail:<br><br>Phone: |
| **Appellant (continued)** | |
| Name:<br><br>Attorney:<br>Address:<br><br><br><br>E-mail:<br><br>Phone: | Name:<br><br>Attorney:<br>Address:<br><br><br><br>E-mail:<br><br>Phone: |

**Signature:** _/s/ Arlene A. Smith-Scott_     **Date:** July 16, 2015

**Counsel for:** Arlene A. Smith-Scott, Esq.

**Certificate of Service**: I certify that on _July 16, 2015_ the foregoing document was served on all parties or their counsel of record through the CM/ECF system if they are registered users or, if they are not, by serving a true and correct copy at the addresses listed below (Attach additional page if necessary):

| | |
|---|---|
| Gary Adler, Esq.<br>Clark Hill, PLC<br>601 Pennsylvania Avenue, NW<br>Suite #1000, North Bldg.<br>Washington, DC 20004 | Orbie R. Shively<br>Liebmann & Shively, P.A.<br>8 West Hamilton Street<br>Baltimore, MD 21201 |

**Signature:** _/s/ Arlene A. Smith-Scott_     **Date:**